IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-732-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BERNICE KING, et al., | ) | |
| Defendants. | ) | |

This matter is before the clerk on the Motion for Entry of Default [DE-5]. The motion is DENIED without prejudice.

The Government initiated this action by filing a complaint [DE-1] on August 8, 2016. On August 18, 2016, counsel for the Government filed a Notice of Service [DE-4], wherein he certified that defendants Bernice King and Donald King "have been served with a copy of the Summons and Complaint filed in this action as is indicated on the attached Postal Forms 3811." The attached Postal Form indicates that Donald King signed for delivery of certified mail addressed to him, and to Bernice King, on August 11, 2016. On September 12, 2016, the Government filed the instant motion for entry of default, supported by the declaration of Government counsel. In the declaration, Government counsel affirms that both Donald King and Bernice King were served with the complaint and summons on August 11, 2016, and have failed to appear, plead, or otherwise defend.

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual and "provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivery a copy of the summons and

complaint to an agent authorized by appointment or by law to receive service of process." McCreary v. Vaughan-Bassett Furniture Co., 412 F. Supp. 2d 535, 538 (M.D.N.C. 2005); see also Fed. R. Civ. P. 4(e)(2). Alternatively, service of process may be accomplished by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, the Government did not cause a copy of the complaint and summons to be delivered personally to either defendant or his or her agent, nor did it leave process with a suitable person at either defendant's usual place of abode. Thus service was not effected under Federal Rule 4(e)(2). Accordingly, the Government will be deemed to have served the defendants with process only if it complied with the law of the state where this court sits, North Carolina.

North Carolina law allows for service on an individual by certified or registered mail. N.C. Civ. R. P. 4(j)(1)(c). Service is presumed to be complete on the date that a summons and complaint are delivered to a defendant's address, with two exceptions. N.C. Civ. R. P. 4(j2)(2). The two exceptions occur: (1) when a plaintiff seeks a default judgment or (2) when a defendant appears in an action to challenge service. See Lynch v. Lynch, 360 N.C. 367, 370, 279 S.E.2d 840, 843 (1981). "In these two situations, a plaintiff must prove service by filing with the court an affidavit that complies with N.C.G.S. § 1-75.10.4." Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); N.C. R. Civ. P. 4(j2). The pertinent portion of N.C. Gen. Stat. § 1-75.10 requires an affidavit of the serving party averring: (1) that a copy of the summons and complaint was deposited in the post office for mailing by certified mail, return receipt requested; (2) that it

2
Case 5:16-cv-00732-D   Document 6   Filed 10/14/16   Page 2 of 3

was in fact received as evidenced by an attached registry receipt, and (3) the genuine receipt is attached. See N.C. Gen. Stat. § 1-75.10(a)(4).

Here, the Government seeks an entry of default. Although the record suggests that the Government has indeed effected service under North Carolina Rule of Civil Procedure 4(j)(1)(c), the clerk nevertheless cannot find that the requirements for proving service under Rule 4(j2) have been met. Although the Government filed an unsworn certification stating that service was effected by certified mail on the defendants [DE-4] and a declaration in support of the motion for entry of default, neither of those documents satisfies the requirements of N.C. Gen. Stat. § 1-75.10(a)(4).

The motion for entry of default [DE-5] is accordingly DENIED without prejudice to renew within 30 days. Any renewed motion for entry of default must be supported by an affidavit or declaration that satisfies N.C. Gen. Stat. § 1-75.10(a)(4).

SO ORDERED. This the 14th day of October, 2016.

_____
Julie Richards Johnston
Clerk of Court